### PETER J. ALLEN, ADMR., v. ELIZABETH LOWE.

**1. FOUNDATION FOR EXPERT TESTIMONY.**
While the better practice in the examination of a witness as to the value of the services of a domestic and nurse, would have been to have inquired first as to her knowledge of what was usually paid for such services, an answer to the question, an objection having been overruled, stating the value thereof, is not error justifying reversal where no effort was made at the time to show witness' lack of knowledge and where it appears that she was familiar with the neighborhood, a married woman, a housekeeper, and that she knew the character of the work.

**2. PROPER CROSS-EXAMINATION.**
A physician having testified, in an action to recover for services of a domestic and nurse, as to the condition of the health of the person attended, during part of the time sued for, was properly permitted to answer, on cross-examination, a question as to what time he was out of the city, as tending to show that during such time he could not have known as to the health of the person inquired about.

**3. TESTIMONY IRRELEVANT AND IMMATERIAL.**
The testimony of a witness who was at one time in defendant's employ, in the same capacity as the plaintiff, as to bills rendered for such services, and receipts given, could not affect plaintiff's right or the amount of her recovery, and was properly excluded.

**4. ERROR IN EXCLUDING EVIDENCE CURED.**
Where evidence sought by a certain question, to which an objection was sustained, is given without objection in answer to a later question, the ruling upon the first question cannot be regarded as prejudicial error.

**5. EXCESSIVE VERDICTS—PRACTICE TO REVIEW.**
Assigning, in the motion, as a ground upon which a new trial should be granted, that the verdict is excessive, and assigning the overruling of such motion as error, raises the question of the amount of the verdict in the reviewing court.

ERROR to the Court of Common Pleas of Cuyahoga county.

MARVIN, J.

The only questions of law arising in this case which are claimed as error on the part of the plaintiff in error, grow out of the rulings of the trial court upon the admission and rejection of evidence, the charge of the court and the overruling of the motion for a new trial.

The first complaint as to the rulings upon evidence is found upon page 50 of the bill of exceptions.

The plaintiff below was seeking to establish the value of her services rendered to the deceased.

Mary Coyne was called as a witness by the plaintiff below, and having, on her earlier examination, stated that she was a near neighbor, a married woman and a housekeeper, she was asked:

What services are reasonably worth by a girl from eighteen to twenty years of age as housekeeper, domestic and nurse, taking care of a woman from fifty to fifty-five years of age, who was ill and infirm, and a portion of the time also for carrying the necessary coal and fuel, and doing housework in general during that period of time?

This was objected to, the objection overruled and a proper exception taken.

Whereupon the witness answered:

"I should think about five dollars a week, that's my experience."

The ground of the objection is not stated, but presumably it was that the witness had not shown that she knew what was usually paid for such services, as there was certainly evidence tending to establish each of the facts assumed in this hypothetical question.

Doubtless it would have been the better way to have asked her first as to her knowledge of what was usually paid for such services, but as no effort was made at the time to show her want of such knowledge, by the defendant, and as she was familiar in the neighborhood and knew the character of the work, and answered, as she said, from her experience, we do not find such error in the rulings of the court as would justify a reversal.

The same question is raised on page 51, the witness being Maggie Reardon.

On page 88 Rosa Lochran Fox was on the stand as a witness for the defendant below. She had testified to services rendered by her to the deceased, during a part of the same time, for which the plaintiff below was suing to recover for services rendered by her.

She was asked upon refreshing her recollection by certain writings, to state when and for what length of time she rendered such services. Objection to this was sustained; but she answered the next question, without objection that she worked in all sixteen or eighteen weeks. The defendant below was not prejudiced by the ruling upon this first question.

On page 89, this witness was asked what she received for her services from the adminsitrator. Also the bill rendered to the administrator by this witness, and her receipt for the amount he paid her, were offered and rejected by the court.

There was no error in the rulings of the court upon either of these questions, for the admission of the writings could in no wise have affected the plaintiff's right to recover, or the amount of her recovery.

On page 96, Dr. Molk was on the stand as a witness for the defendant. He had testified as to the condition of health of Mrs. Halloran, the deceased, during a part of the time for which plaintiff was seeking 'o recover. And on cross-examination, was asked, during what time he was out of the city. This, over defendant's objection, he was permited to answer. Surely it was proper for the plaintiff to show by the witness himself that he was out of the city a part of the time, as tending to show that he could not know how Mrs. Halloran's health was or what she was doing during that time.

If the verdict is excessive, the way the question is raised here is that it was assigned, in the motion for a new trial, as a ground upon which a new trial should have been granted; that motion was overruled, and the overruling of such motion is assigned for error here.

We hold that this raises the question of the amount of the verdict. The time when Lizzie arrived at full age is not certain, but we think the best evidence is that of Mrs. May Coyne, as found on page 113 of the bill of exceptions. If she is right, then Lizzie became eighteen years of age in August, 1896. Mrs. Halloran died December, 1897. The most liberal allowance would be to give Lizzie a period of seventy weeks from her majority to the death of Mrs. Halloran. Under such an allowance at $5.00 per week her recovery would have been $350.00 with interest from the time of Mrs. Halloran's death until the

first day of the term of court at which her judgment was recovered. The verdict and judgment was for considerably more than this.

For this error the case will be reversed and remanded for a new trial, unless plaintiff shall remit from the judgment the amount in excess of that above indicated. If she does not remit the judgment for that amount will be affirmed.

*L. A. Russell,* for plaintiff in error.

*Foran &McTigue,* for defendant in error.